UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN GREEN,

                              Plaintiff,

      - against -

SUPER RUNNERS MANAGEMENT, INC.,
SUPER RUNNERS SHOP 42ND STREET, INC.,
SUPER RUNNERS SHOP 50TH STREET INC.,
SUPER RUNNERS SHOP 72ND STREET, INC.,
SUPER RUNNERS SHOP SEVENTH AVENUE, INC.,
JANE MUHRCKE, and GARY MUHRCKE,

                           Defendants.

Civil Action No.
10 Civ 1844 (RPP) (GWG)

**ANSWER**

---

Defendants, Super Runners Management, Inc., Super Runners Shop 42nd Street, Inc., Super Runners Shop 50th Street Inc., Super Runners Shop 72nd Street, Inc., Super Runners Shop Seventh Avenue, Inc., Jane Muhrcke, and Gary Muhrcke (collectively referred to as "Defendants"), by and through their counsel, Clifton Budd & DeMaria, LLP, answer the Verified Complaint in the above-captioned matter as follows:

        1.      Deny the allegations contained in paragraph 1 of the Verified Complaint.

        2.      Deny the allegations contained in paragraph 2 of the Verified Complaint.

**JURISDICTION AND VENUE**

        3.      Deny the allegations contained in paragraph 3 of the Verified Complaint. Defendants aver that this Court does have jurisdiction over this action.

        4.      Admit that venue is appropriate in this District, but except as so admitted, deny the remaining allegations contained in paragraph 4 of the Verified Complaint.

**PARTIES**

5.     Admit that Plaintiff is an individual, but except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Verified Complaint.

6.     Admit that Plaintiff was employed by some of the Defendants, but except as so admitted, deny the remaining allegations contained in paragraph 6 of the Verified Complaint.

7.     Admit that Plaintiff worked for some of the Defendants, but except as so admitted, deny the remaining allegations contained in paragraph 7 of the Verified Complaint.

8.     Admit that Plaintiff was employed by some of the Defendants, but except as so admitted, deny the remaining allegations contained in paragraph 8 of the Verified Complaint.

9.     Admit that Plaintiff was employed by some of the Defendants, but except as so admitted, deny the remaining allegations contained in paragraph 9 of the Verified Complaint.

10.    Admit that Super Runners Management Inc. is a New York corporation, but except as so admitted, deny the remaining allegations contained in paragraph 10 of the Verified Complaint.

11.    Admit the allegations contained in paragraph 11 of the Verified Complaint.

12.    Admit the allegations contained in paragraph 12 of the Verified Complaint.

13.     Admit the allegations contained in paragraph 13 of the Verified Complaint.

14.     Admit the allegations contained in paragraph 14 of the Verified Complaint.

15.     Admit that Defendant Jane Muhrcke is an officer of Super Runners Management, Inc., but except as so admitted, deny the remaining allegations contained in paragraph 15 of the Verified Complaint.

16.     Admit that Defendant Gary Muhrcke is an officer of some of the corporate defendants, but except as so admitted, deny the remaining allegations contained in paragraph 16 of the Verified Complaint.

17.     Admit the allegations contained in paragraph 17 of the Verified Complaint.  Defendants aver that the zip code is incorrect.

18.     Admit the allegations contained in paragraph 18 of the Verified Complaint.

19.     Admit that some of the Defendants are businesses, but except as so admitted, deny the remaining allegations contained in paragraph 19 of the Verified Complaint.

20.     Admit that Defendants employed more than two individuals, but except as so admitted, deny the remaining allegations contained in paragraph 20 of the Verified Complaint.

21.     Admit that some of the Defendants are employers, but except as so admitted, deny the remaining allegations contained in paragraph 21 of the Verified Complaint.

22.     Admit that Plaintiff was employed by some of the Defendants in New York, New York, but except as so admitted, deny the remaining allegations contained in paragraph 22 of the Verified Complaint.

23.     Admit that Plaintiff was employed by some of the Defendants from November 2000 through January of 2009, but except as so admitted, deny the remaining allegations contained in paragraph 23 of the Verified Complaint.

24.     Admit that Plaintiff work for some of the Defendants, but except as so admitted, deny the remaining allegations contained in paragraph 24 of the Verified Complaint.

25.     Admit that Plaintiff was responsible to sell some of the Defendants merchandise, but except as so admitted, deny the remaining allegations contained in paragraph 25 of the Verified Complaint.

26.     Admit that Plaintiff was paid on an hourly basis, but except as so admitted, deny the remaining allegations contained in paragraph 26 of the Verified Complaint.

27.     Deny the allegations contained in paragraph 27 of the Verified Complaint.

28.     Deny the allegations contained in paragraph 28 of the Verified Complaint.

29.     Deny the allegations contained in paragraph 29 of the Verified Complaint.

30.     Admit the allegations contained in paragraph 30 of the Verified Complaint.

31.     Deny the allegations contained in paragraph 31 of the Verified Complaint.

32.     Deny the allegations contained in paragraph 32 of the Verified Complaint.

33.     Deny the allegations contained in paragraph 33 of the Verified Complaint.

34.     Deny the allegations contained in paragraph 34 of the Verified Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Verified Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Verified Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Verified Complaint.

38.     Deny the allegations contained in paragraph 38 of the Verified Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Verified Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Verified Complaint.

41.     Deny the allegations contained in paragraph 41 of the Verified Complaint.

42.     Deny the allegations contained in paragraph 42 of the Verified Complaint.

43.     Deny the allegations contained in paragraph 43 of the Verified Complaint.

44.     Deny the allegations contained in paragraph 44 of the Verified Complaint.

45.     Deny the allegations contained in paragraph 45 of the Verified Complaint.

46.     Admit that Plaintiff's action for non-payment of wages was dismissed with prejudice, but except as so admitted, deny the remaining allegations contained in paragraph 46 of the Verified Complaint.

47.     Deny the allegations contained in paragraph 47 of the Verified Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Verified Complaint.

49.     Deny the allegations contained in paragraph 49 of the Verified Complaint.

50.     Deny the allegations contained in paragraph 50 of the Verified Complaint.

## FIRST CAUSE OF ACTION
### Unlawful Retaliation Under the FLSA

51.     Defendants reallege each and every answer contained in paragraphs 1 through 50 as if fully set forth herein.

52. Deny the allegations contained in paragraph 52 of the Verified Complaint.

53. Deny the allegations contained in paragraph 53 of the Verified Complaint.

54. Deny the allegations contained in paragraph 54 of the Verified Complaint.

55. Deny the allegations contained in paragraph 55 of the Verified Complaint.

56. Deny the allegations contained in paragraph 56 of the Verified Complaint.

57. Deny the allegations contained in paragraph 57 of the Verified Complaint.

58. Deny the allegations contained in paragraph 58 of the Verified Complaint.

## SECOND CAUSE OF ACTION
### Unlawful Retaliation Under
### Section 215 of the New York Labor Law

59. Defendants reallege each and every answer contained in paragraphs 1 through 58 as if fully set forth herein.

60. Deny the allegations contained in paragraph 60 of the Verified Complaint.

61. Deny the allegations contained in paragraph 61 of the Verified Complaint.

62. Deny the allegations contained in paragraph 62 of the Verified Complaint.

63. Deny the allegations contained in paragraph 63 of the Verified Complaint.

64. Deny the allegations contained in paragraph 64 of the Verified Complaint.

65. Deny the allegations contained in paragraph 65 of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim from which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any back pay or front pay as Plaintiff has failed to mitigate his damages.

- 7 -

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to fulfill statutory prerequisites prior to commencing this action and thus, he is barred from pursuing his claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendants Gary Muhrcke and Jane Muhrcke as individuals cannot be held liable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

All actions taken by Defendants with regard to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory reasons.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead sufficient facts to set forth a claim for punitive or liquidated damages against Defendants under either federal or state law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive relief are barred, inasmuch as Plaintiff cannot show that Defendants showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of indifference to consequences.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

An award of punitive damages against Defendants in this case is barred under the standards of *Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999).

- 8 -

**WHEREFORE**, Defendants respectfully request the Court to dismiss the Verified Complaint and to award them their costs, attorneys' fees and such other and further relief which the Court deems just and proper.

Date:   March 23, 2010
          New York, New York

                                          Respectfully submitted,
                                          CLIFTON BUDD & DeMARIA, LLP
                                          *Attorneys for Defendants*

                              By:   _____
                                          George F. Brenlla, Esq. (GB-9612)
                                          420 Lexington Avenue
                                          New York, New York 10170
                                          (212)687-7410

gfb/Clients/Super Runners/Green/Retaliation/Answer

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK      )
                            : ss.
COUNTY OF NEW YORK   )


GEORGE F. BRENLLA, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides at Yonkers, New York.

On March 23, 2010, deponent served the attached **ANSWER** on:

> Laleh Zoughi, Esq.
> ZOUGHI LAW GROUP, LLC
> 420 Lexington Avenue, Suite 300
> New York, NY  10170

by delivering a true copy thereof personally to each person named above at the address indicated.

_____
GEORGE F. BRENLLA

Sworn to before me this
23th day of March 2010

_____
Notary Public

STEFANIE MUNSKY
Notary Public, State of New York
No. 02MU6191987
Qualified in New York County
Commission Expires Aug. 25, 2012

2